# IN THE COURT OF APPEALS OF IOWA

No. 21-0768
Filed March 30, 2022

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MICHAEL ALEXANDER COON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Jefferson County, Myron Gookin,
Judge.

Michael Coon challenges the sufficiency of the evidence supporting the
jury's sexual abuse and child endangerment convictions. **AFFIRMED.**

Pamela Wingert of Wingert Law Office, Spirit Lake, for appellant.

Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney
General, for appellee.

Considered by Bower, C.J., and Vaitheswaran and Chicchelly, JJ.

**VAITHESWARAN, Judge.**

A jury found Michael Coon guilty of two counts of second-degree sexual abuse and one count of child endangerment. On appeal, Coon challenges the sufficiency of the evidence supporting the findings of guilt. "We will affirm the jury's verdict when the verdict is supported by substantial evidence." *State v. Lacey*, 968 N.W.2d 792, 800 (Iowa 2021).

Beginning with the sexual abuse counts, Coon argues "the State failed to prove the essential element of time." The State preliminarily counters that Coon failed to preserve error on his challenge to the sufficiency of the evidence supporting the second count.

In the past, the supreme court stated, "[c]ounsel does not preserve error on a sufficiency-of-evidence issue when counsel makes a general motion for judgment of acquittal but fails to identify specific elements of the charge not supported by the evidence." *State v. Albright*, 925 N.W.2d 144, 150 (Iowa 2019). The court recently changed course. In *State v. Crawford*, ___ N.W.2d ___, ___, 2022 WL 815299, at *8 (Iowa 2022), the court concluded, "a defendant whose conviction is not supported by sufficient evidence is entitled to relief when he raises the challenge on direct appeal without regard to whether the defendant filed a motion for judgment of acquittal." In light of *Crawford*, we proceed to the merits of Coons's sufficiency-of-the-evidence challenge.

The jury was preliminarily instructed:

> The State alleges these acts occurred as follows:
> Count I: On or about March 1, 2018, through June 30, 2018.
> Count II: On or about March 1, 2019[,] through April 30, 2019.

The jury was further instructed:

> **Count I:** The State must prove all of the following elements of Sexual Abuse In The Second Degree as charged in **Count I**:
> 1. On or about the 1st day of March 2018, through the 30th day of June 2018, the defendant performed a sex act with R.D.
> 2. The defendant performed the sex act while R.D. was under the age of 12 years.
>
> **Count II:** The State must prove all of the following elements of Sexual Abuse In The Second Degree as charged in **Count II**:
> 1. On or about the 1st day of March, 2019, through the 30th day of April, 2019, the defendant performed a sex act with R.D.
> 2. The defendant performed the sex act while R.D. was under the age of 12 years.

The State asserts the time frames set forth in the jury instructions were not elements it was required to prove. We are inclined to disagree. *See State v. Parmenter*, No. 18-1997, 2019 WL 6907457, at *5–6 (Iowa Ct. App. Dec. 18, 2019) (distinguishing instructions that state "the alleged sexual assaults occur[ed] during two discrete ranges of days" with those that use the phrase "on or about" before the dates, concluding the first example became "the law of the case" and "the State was required to prove the sexual assaults occurred between" those dates while the second example only meant the dates were "approximate"). Here, we have both date ranges and the phrase "on or about." The inclusion of the date ranges indicates the date ranges may be elements of the crimes. The phrase "on or about" indicates these date ranges may only be approximations. We need not resolve whether the date ranges are elements or only approximations because we agree with the State's alternative assertion that, even if "the State was required to

establish that one act occurred during each time frame alleged, the jury could still have reasonably reached that conclusion."

As noted, the applicable time frame for Count I was the "1st day of March, 2018, through the 30th day of June, 2018."  The child testified Coon abused her after she awoke and before he took her to school, when her mother was at work.  She stated the abuse only stopped when her "mom broke up with him."  The child's mother confirmed she did not take the child to school "very often" and Coon "was in charge of getting [her] to school."  She also confirmed Coon was "living with [her] the whole time [they] were dating" from "March of '18 through April of '19."  The child's testimony together with her mother's testimony amounted to substantial evidence in support of the date requirement in Count I.

The applicable time frame for Count II was the "1st day of March, 2019, through the 30th day of April, 2019."  The child's stepmother testified Coon and the child's mother "broke up" and Coon moved to an apartment in "May of 2019."  The child's mother again confirmed Coon had unsupervised access to the child "quite a bit" while she was at work.  Although she took "a break" from work for a period of time between March 2018 and April 2019, she "got hired back full time" at "the beginning of April" 2019 and she asked Coon to continue to help her watch the child despite their break-up the same month.  Her testimony together with that of the stepmother amounted to substantial evidence in support of the date requirement in Count II.

Coon also points to credibility issues with several witnesses.  "The jury is free to believe or disbelieve any testimony as it chooses and to give weight to the evidence as in its judgment such evidence should receive."  *State v. Thornton*, 498

N.W.2d 670, 673 (Iowa 1993). "We decline to second-guess the jury on these credibility issues." *State v. Van Hemert*, No. 19-1273, 2020 WL 5944441, at *5 (Iowa Ct. App. Oct. 7, 2020).

We turn to the child endangerment charge. The jury was instructed:

> The State must prove all of the following elements of Child Endangerment charged in **Count III**:
> 1. On or about the 1st day of March 2018, through the 30th day of April, 2019, the defendant was the person having custody or control of R.D. or a member of the household in which R.D. resided.
> 2. R.D. was under the age of fourteen years.
> 3. The defendant acted with knowledge that he was creating a substantial risk to R.D.'s physical, mental, emotional health or safety.

Coon argues, "A strict parent figure is not committing child endangerment. There was no evidence [he] created a substantial risk to the child." The State responds, "A reasonable jury could—and did—believe that in sexually abusing his girlfriend's young daughter, the defendant acted in a manner creating a substantial risk to R.D.'s physical, mental, or emotional welfare." We agree with the State. The child's testimony together with the testimony of the mother and stepmother amounted to substantial evidence in support of a determination that Coon created a substantial risk to the child's physical, mental, emotional health or safety.

We affirm the jury's findings of guilt and Coon's judgment and sentence.

**AFFIRMED.**